37510. CROCKETT, Executor *v.* OLIVER.

DECIDED JANUARY 21, 1959.

*C. C. Crockett,* for plaintiff in error.

*E. L. Stephens, Jr.,* contra.

GARDNER, Presiding Judge. This case presents a controversy between C. C. Crockett, executor of the estate of J. B. Oliver, Sr., and Moody Oliver and Jessie Oliver concerning a house and lot known as the Oliver property at 410 Saxon Street, Dublin, Georgia, the said lot being described as No. 13 in city 262 B.

854

The defendants Moody Oliver and Jessie Oliver filed a counter-affidavit. This procedure is brought for possession of the property in controversy under the provisions of Code § 105-1501 entitled "Proceedings against intruders". The court heard the testimony and directed a verdict in favor of the defendants. The plaintiff executor filed a motion for a new trial which was denied. It is on this judgment that the case is here for review.

We think it well to quote a portion of the charge of the court: "This action is what is known as proceeding against an intruder, and it plainly states that in the affidavit; there is no use for me to read you the section of the Code which I am going to talk to you about. Title is not in dispute at all; the right of possession is the only thing that can be determined under the law; title cannot be tried under this section; the section applies only where an intruder enters without claiming in good faith the right of possession. Moody Oliver entered in there as a boy, and lived there practically all of his life, about 30 years and doing the things necessary to be done as a son looking after his mother. The only thing we are interested in in these type cases is possession, not title. When he entered there in good faith and lived there with his mother and father right on and on till both of them had done passed on. Therefore, I'm going to direct a verdict for the defendant, Moody Oliver. You may take the verdict."

The judge's statement in denying the motion for new trial reads in part as follows: "This being an action filed in this court by C. C. Crockett, executor of estate of J. B. Oliver, Sr., against Moody Oliver and Jessie Oliver as intruders. Said action brought under provisions of Code § 105-1501, Ann., 1933, dealing with 'manner of ejecting intruders'. This case was tried on the 31st day of July, 1958, and verdict was directed by the court in favor of defendants, Moody Oliver and Jessie Oliver. Motion for new trial having been filed by the plaintiff, C. C. Crockett, executor, and same heard on this day.

"The record in the case shows that plaintiff, C. C. Crockett, said on oath that this is an ejectment suit and he filed the suit to obtain title to the property. He called it an ejectment suit two or three different times in his sworn testimony to the court and jury.

"C. C. Crockett, plaintiff, further testified on oath as follows: 'That I have known Moody Oliver a good long time, I expect 20 years, and during the time he lived on this same property, 410 Saxon Street, lived there with his parents, and his wife, and the children were born there, and Oliver Moody lived there 20 years. He has been there ever since they moved from Sparta.' Mr. Crockett further testified on oath as follows: Q. You stated that Moody Oliver entered into possession peacefully, and he is an heir of J. B. Oliver? A. Yes. Q. And he entered into possession peacefully? A. Why certainly, he as a child lived there with his father and mother very peacefully.

"The record in this case further shows and that Moody Oliver, one of the defendants, testified on oath that he lived at 410 Saxon Street, with his father and mother, on the same property in question, right at 30 years, with all the children, except Billy and Hazel. 'I moved in the home at the request of my parents. After my father's death I lived on there supporting my mother. She told me she wanted me to live there all of my life, that it would be a home for us as long as the house was standing, that it never would be sold.'

"The evidence shows that the defendants went into possession of the property at the request of their father and mother, and lived there with them for 30 years; that after the death of their father, they continued to live on this property until the death of their mother. The evidence shows, without being denied by the plaintiff or any other person, that defendants entered into possession of this property in good faith and have lived on same in good faith and at the request of their parents for 30 years. Not a single witness was offered to deny defendants' possession and good faith in living on this property for 30 years.

"Counter-affidavit being filed in the case by defendants, stating that they do in good faith claim a legal right to the possession of the land and premises in question. The defendants' evidence was undisputed. Therefore, the court concluded that no issue for a jury to pass on was presented.

"The motion for new trial as amended in this case is hereby overruled and a new trial denied."

The record reveals that the plaintiff executor probated the

will in common form only, although he was questioned as to why he did not offer the will for probate in solemn form. He gave no explanation as to why he did not offer the will for probate in solemn form. The undisputed evidence reveals that the alleged will (which is not in the record) named the plaintiff as executor and gave the estate to Hazel Oliver Smith (a daughter who lived in North Carolina and who had visited her mother only four times during the long number of years here involved). It must be kept in mind that the suit did not concern the title to the property in question but only the right of possession.

It is our opinion that the trial judge, under the evidence of both sides, properly directed a verdict to the effect that the defendants were properly entitled to possession of the premises concerned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*